John P. Kristensen (SBN 224132)
**KRISTENSEN WEISBERG, LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: (310) 507-7924
Fax: (310) 507-7906
*john@kristensenlaw.com*

Jarrett L. Ellzey (*Pro Hac Vice* pending*)*
W. Craft Hughes (*Pro Hac Vice* pending*)*
**HUGHES ELLZEY, LLP**
2700 Post Oak Boulevard, Suite 1120
Houston, Texas 77056
Telephone: (713) 554-2377
Fax: (888) 995-3335
*jarrett@hughesellzey.com*
*craft@hughesellzey.com*

***Attorneys for Plaintiff and all others
similarly situated***

## THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| JOVETTE BRYANT and NECOLE FRANKLIN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CLEAN ENERGY EXPERTS, LLC dba SOLAR RESEARCH GROUP, a California Limited Liability Company; and DOE INDIVIDUALS, inclusive, and each of them, <br><br> Defendants. | Case No.: <br><br> **CLASS ACTION** <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> (1)  Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (Do Not Call); and <br> (2)  Violations of the Telephone Consumer Protection Act, 47 C.F.R. § 64.1200(d) (Internal Do Not Call). <br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Jovetter Bryant and Necole Franklin ("Plaintiffs"), on behalf of themselves and all others similar situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiffs, on behalf of themselves and others similarly situated, are seeking damages and any other available legal or equitable remedies resulting from the illegal actions of defendant CLEAN ENERGY EXPERTS, LLC dba SOLAR RESEARCH GROUP and INDIVIDUAL DOES (collectively "Defendants") in contacting Plaintiffs as well as knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *set* seq. ("TCPA").

2.     Defendant CLEAN ENERGY EXPERTS, LLC dba SOLAR RESEARCH GROUP is an entity that generates leads for the solar energy industry via telemarketing and employed/employs call centers, to place telephone calls, *en masse*, to consumers across the country. On information and belief, Defendants and or its agents purchase phone number databases of consumers' contact information and create an electronic database from which Defendants makes automated calls.

3.     Defendants conducted (and continue to conduct) wide scale telemarketing campaigns and repeatedly made unsolicited calls to consumers' telephones—whose numbers appear on the National Do Not Call Registry— without consent, all in violation of the TCPA.

4.     Defendants continued the calls, even after Plaintiff explicitly told them to stop and revoked any purported assent to receive the illegal calls.

5.     By making the telephone calls at issue in this Complaint, Defendant caused Plaintiffs and the members of a putative Class of consumers (defined below) actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone

calls, as well as the monies paid to their carriers for the receipt of such telephone calls.

6.     Plaintiffs brings this class action against Defendants to secure redress because Defendants willfully violated the TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C § 227, *et seq.* by causing unsolicited calls to be made to Plaintiffs' and other class members' telephones through the use of an auto-dialer and/or artificial or pre-recorded voice message.

7.     Defendants conducted (and continue to conduct) wide scale telemarketing campaigns and repeatedly made/make unsolicited calls to consumers' telephones—whose numbers appear on the National Do Not Call Registry—without consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), including to Plaintiffs and other class members, whose phone numbers were registered with the Do Not Call Registry, at least twice in a 12 month period.

8.     By making the telephone calls at issue in this Complaint, Defendants caused Plaintiffs and the members of the putative Classes of consumers (defined below) actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, as well as the monies paid to their carriers for the receipt of such telephone calls.

9.     Congress enacted the TCPA to protect consumers from unsolicited telephone calls exactly like those alleged in this case. In response to Defendants' unlawful conduct, Plaintiffs file the instant lawsuit and seeks an injunction requiring Defendant to cease all illegal telephone calling activities to her cellular telephone, and other individuals cellular phones and an award of statutory damages under the TCPA equal to $500.00 per violation, together with court costs, reasonable attorneys' fees (including under Cal. *Code Civ. Proc.* §

1021.5), and treble damages (for knowing and/or willful violations). Plaintiff also seeks an award of court costs and reasonable attorney's fees.

## PARTIES

10.     Plaintiff JOVETTE BRYANT ("Plaintiff" or "Bryant") is a citizen of the State of Maryland.

11.     Plaintiff NECOLE FRANKLIN ("Plaintiff" or "Franklin") is a citizen of the State of New York.

12.     Defendant CLEAN ENERGY EXPERTS, LLC d/b/a SOLAR RESEARCH GROUP is a limited liability company organized under the laws of the State of California.  Defendant maintains its principal office on 585 Market Street, 29th Floor, San Francisco, California 94105.  Defendant may be served with process by serving its registered agent, CT Corporation System, 818 W. 7th Street, Suite 930, Los Angeles, CA 90017.

13.     The true names and capacities of the Defendants sued herein as DOE INDIVIDUALS, inclusive, are currently unknown to Plaintiffs, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

14.     Plaintiffs does not yet know the identity of Defendants' employees/agents, identified as DOE INDIVIDUALS that had direct, personal participation in or personally authorized the conduct found to have violated the statute, and were not merely tangentially involved. They are named tentatively as numerous District Courts have found that individual officers/principals of corporate entities may be personally liable (jointly and severally) under the TCPA if they had direct, personal participation in or personally authorized the conduct found to have violated the statute, and were not merely tangentially

involved. *Texas v. American Blastfax, Inc.*, 164 F.Supp.2d 892, 899 (W.D. Tex. 2001); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, No. 3:12 CV 2257, 2014 WL 1333472, at *3 (N.D. Ohio March 28, 2014); *Maryland v. Universal Elections*, 787 F.Supp.2d 408, 415–416 (D.Md. 2011); *Baltimore-Washington Tel Co. v. Hot Leads Co.*, 584 F.Supp.2d 736, 745 (D.Md. 2008); *Covington & Burling v. Int'l Mktg. & Research, Inc.*, No. CIV.A. 01-0004360, 2003 WL 21384825, at *6 (D.C. Super Apr. 17, 2003); *Chapman v. Wagener Equities, Inc.*, No. 09 C 07299, 2014 WL 540250, at *16–17 (N.D. Ill. Feb. 11, 2014); *Versteeg v. Bennett, Deloney & Noyes, P.C.*, 775 F.Supp.2d 1316, 1321 (D.Wy.2011). Upon learning of the identities of said individuals, Plaintiff will move to amend to name the individuals as defendants.

15.     Plaintiffs are informed and believe and thereon allege that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was the owner, agent, servant, joint venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment with the full knowledge and consent of each of the other Defendants.  Plaintiffs are informed and believe and thereon allege that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

16.     At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for each other's acts and omissions.

///

///

///

///

///

## **JURISDICTION, VENUE & INTRADISTRICT ASSIGNMENT**

17.     Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because the Defendants maintains its principal place of business in California. Furthermore, Plaintiffs seek relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of the Defendant, which is based in California.

18.     Plaintiffs also seek up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

19.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

20.     The Court has personal jurisdiction over Defendant because it conduct significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

21.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Defendants were targeting individuals in this district. The calls were made with the intent to sell credit repair products and services.

22.     Defendant is subject to specific personal jurisdiction in this District because it has continuous and systematic contacts with this District through their marketing efforts and services that target this District, and the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice. The Court has personal jurisdiction over Defendants because they conduct significant business in this District, and

the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

23. Since the acts or omissions which give rise to Plaintiff's claims occurred in the City and County of San Francisco, Pursuant to Local Rule 3.2(c), this action must be assigned to the San Francisco division of the Northern District Court.

## TELEPHONE CONSUMER PROTECTION ACT

24. Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety. The TCPA and the Federal Communications Commission's ("FCC") implemented rules prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system (hereinafter "ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent. If the call includes or introduces an advertisement, or constitutes telemarketing, consent must be in writing.[1] The TCPA grants consumers a private right of action, with a provision for $500 or the actual monetary loss in damages for each violation, whichever is greater, and treble damages for each willful or knowing violation, as well as injunctive relief.

25. In 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules."  In re Rules and

---

[1]  Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, No. 12 C 4069, 2012 WL 7062748 (N.D. Ill. Dec. 31, 2012).

26.     The TCPA restricts telephone solicitations (*i.e.,* telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems—principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

27.     In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls. Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines.  The new amendments to the TCPA, effective October 16, 2013, eliminate this established business relationship exemption. Therefore, all pre-recorded telemarketing calls to residential lines and wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

///

///

///

///

///

///

///

///

28.  As of October 16, 2013, unless the recipient has given prior express written consent, the TCPA and Federal Communications Commission (FCC) rules under the TCPA generally:

- Prohibits solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

- Requires solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibits solicitations to residences that use an artificial voice or a recording.

- Prohibits any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or telephone.

- Prohibits any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a telephone, or any service for which the recipient is charged for the call.

- Prohibits autodialed calls that engage two or more lines of a multi-line business.

- Prohibits unsolicited advertising faxes.

- Prohibits certain calls to members of the Do-Not-Call Registry

29.  Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory*

*Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier*, 2012 WL 7062748.

30.     Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call.  Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

## A.     DO NOT CALL VIOLATIONS OF THE TCPA

31.     There are just a handful of elements need to be proven for violations of the Do Not Call provision of the TCPA.

32.     More Than One Call within Any 12 Month Period. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

33.     Calls to Phones on the Do Not Call List. The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." *See* 47 C.F.R. § 64.1200(c).

34.     Including Wireless Lines on the Do Not Call List. Owners of wireless telephone numbers (aka mobile or cellular phones) receive the same protections from the Do Not Call provision as owners or subscribers of wireline ("landline") phone numbers. 47 C.F.R. § 64.1200(e), provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent

described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

35.   <u>The Affirmative Defense of Prior Express Consent</u>. The Ninth Circuit has defined "express consent" to mean "clearly and unmistakably stated." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009). "Prior express consent is an affirmative defense for which the defendant bears the burden of proof." *See Grant v. Capital Management Services, L.P.*, No. 11-56200, 2011 WL 3874877, at *1, n.1. (9th Cir. Sept. 2, 2011) ("express consent is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof"); *see also Robbins v. Coca-Cola Company*, No. 13-cv-132, 2013 WL 2252646, at *2 (S.D. Cal. May 22, 2013).

## **FACTUAL ALLEGATIONS**

36.   Defendant is a company that sells marketing leads to solar companies. During or before 2016, in an effort to solicit potential customers, Defendant began making telephone calls, *en masse*, to consumers across the country.

37.   Defendants knowingly made these telemarketing calls without the prior express written consent of the call recipients, and knowingly continue to call them after requests to stop. As such, Defendants not only invaded the

personal privacy of Plaintiffs and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

38.    Plaintiffs have reason to believe Defendant called thousands of telephone customers listed on the Do Not Call Registry to market their products and services.

39.    Plaintiffs' overriding interest is ensuring Defendant cease all illegal telemarketing practices and compensates all members of the Plaintiff Class for invading their privacy in the manner the TCPA was contemplated to prevent.

40.    In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiffs, on behalf of themselves and a class of similarly situated individuals, bring suit under the TCPA, 47 U.S.C. § 227, *et seq.*, which prohibits certain unsolicited calls voice and text to individuals whose numbers are registered on the Do Not Call Registry.

41.    On behalf of the Plaintiff Class, Plaintiffs seeks an injunction requiring Defendant to cease all illegal telemarketing and spam activities and an award of statutory damages to the class numbers, together with costs and reasonable attorneys' fees.

**FACTS SPECIFIC TO PLAINTIFF JOVETTE BRYANT**

42.    On or about September 14, 2007, Plaintiff Bryant registered her cellular phone number with the area code (240) and ending in 3924 with the National Do Not Call Registry.

43.    Plaintiff Bryant is the regular carrier and exclusive user of the telephone assigned the number ending in 3294.  The number is assigned to a cellular telephone service for which Plaintiff Bryant is charged for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

44.    In the summer of 2016, Plaintiff Bryant began receiving calls on her cellular telephone from the number (716) 730-5152, claiming to be Defendant Solar Research Group.

45.    Plaintiff Bryant never purchased or inquired about Defendant's products.  Yet, she received at least multiple calls from Defendant.

46.    Plaintiff Bryant never provided Defendant with prior consent to contact her on her phone via a text message or telephone call.

47.    Defendant called Plaintiff Bryant at least three times on her phone during a twelve-month period, often daily.

48.    Plaintiff Bryant told Defendant, "I don't know how you got my number, but stop calling."  Yet, the calls continued.

49.    Like Plaintiff Franklin, Plaintiff Bryant lives in an apartment building and could not even purchase solar panels for her home if she wanted to, so she never would have inquired about such products.

50.    Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

51.    Defendant's unsolicited telemarketing calls caused Plaintiff Bryant extreme aggravation and occupied her telephone line.

**FACTS SPECIFIC TO PLAINTIFF NECOLE FRANKLIN**

52.    On or about May 4, 2013, Plaintiff Franklin registered her cellular phone number with the area code (347) and ending in 1159 with the National Do Not Call Registry.

53.    Plaintiff Franklin is the regular carrier and exclusive user of the telephone assigned the number ending in 1159.  The number is assigned to a cellular telephone service for which Plaintiff Franklin is charged for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

54.    In the summer of 2016, Plaintiff Franklin began receiving calls on her cellular telephone from the number (716) 730-5152, claiming to be Defendant Solar Research Group.

55.    Plaintiff Franklin never had a business relationship with Defendant. Yet, she received at least multiple calls from Defendant.

56. Plaintiff Franklin never provided Defendant with prior consent to contact her on her phone via a text message or telephone call.

57. Nonetheless, Defendant called Plaintiff Franklin dozens of times on her phone during a twelve-month period, often daily.

58. Plaintiff Franklin told Defendant, "I'm not interested. Please stop calling." Yet, the calls continued.

59. Plaintiff Franklin lives in an apartment building and could not even purchase solar panels for her home if she wanted to, so she never would have inquired about such products.

60. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

61. Defendant's unsolicited telemarketing calls caused Plaintiff Franklin extreme aggravation and occupied her telephone line.

62. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

63. Defendant's unsolicited telemarketing calls caused Plaintiff Carranza extreme aggravation and occupied her telephone line.

64. Plaintiff Franklin has reason to believe Defendant called thousands of telephone customers listed on the Do Not Call Registry to market their products and services.

65. Plaintiff's overriding interest is ensuring Defendant cease all illegal telemarketing practices and compensates all members of the Plaintiff Class for invading their privacy in the manner the TCPA was contemplated to prevent.

66. In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff, on behalf of herself and a class of similarly situated individuals, bring suit under the TCPA, 47 U.S.C. § 227, *et seq.*, which prohibits certain unsolicited calls voice and text to individuals whose numbers are registered on the Do Not Call Registry.

67.     On behalf of the Plaintiff Class, Plaintiff seeks an injunction requiring Defendant to cease all illegal telemarketing and spam activities and an award of statutory damages to the class numbers, together with costs and reasonable attorneys' fees.

## STANDING

68.     Plaintiffs have standing to bring this suit on behalf of themselves and the members of the class under Article III of the United States Constitution because Plaintiffs' claims state: (a) a valid injury in fact; (b) an injury which is traceable to the conduct of Defendants; and (c) is likely to be redressed by a favorable judicial decision. *See Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Robins v. Spokeo,* 867 F.3d 1108 (9th Cir. 2017) (cert denied. 2018 WL 491554 (Jan. 22 2018); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); and *Chen v. Allstate Inc. Co.*, 819 F.3d 1136 (9th Cir. 2016).

**A.     INJURY IN FACT**

69.     A Plaintiff's injury must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution. *Id.*

70.     For an injury to be concrete it must be a de facto injury, meaning it actually exists.  In the present case, Plaintiffs took the affirmative step of enrolling herself on the National Do-Not-Call Registry for the purpose of preventing marketing calls to their telephones. Such telemarketing calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. *See Soppet v. enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).  All three of these injuries are present in this case. *See also Chen*, *supra*.

71.     Furthermore, the Third Circuit recently stated, Congress found that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients," *Van Patten*, 847 F.3d at 1043, and sought to protect the same interests implicated in the traditional common law cause of action. Put differently, Congress was not inventing a new

KRISTENSEN
WEISBERG LLP
Attorneys for Plaintiffs
KW

theory of injury when it enacted the TCPA. Rather, it elevated a harm that, while "previously inadequate in law," was of the same character of previously existing "legally cognizable injuries." *Spokeo*, 136 S.Ct. at 1549. *Spokeo* addressed, and approved, such a choice by Congress. *Susinno v. Work Out World Inc.,* No. 16-3277, 2017 WL 2925432, at *4 (3d Cir. July 10, 2017).

72.     For an injury to be particularized means that the injury must affect the plaintiff in a personal and individual way. *See Spokeo*, 136 S.Ct. at 1548. In the instant case, Defendants placed calls to Plaintiffs' phones. It was Plaintiffs 'personal privacy and peace that Defendants invaded by placing the calls to their phones.  Furthermore, Plaintiffs are the person who pays for the phone, and is the regular carrier and user of the phone. All of these injuries are particular to Plaintiffs.

**B.    TRACEABLE TO THE CONDUCT OF EACH SEPARATE DEFENDANT**

73.     Plaintiffs must allege at the pleading stage of the case facts to show that their injury is traceable to the conduct of Defendants. In this case, Plaintiffs satisfy this requirement by alleging that Defendants, and/or agent of Defendants on behalf of Defendants, placed illegal calls to Plaintiffs' phones.

**C.    INJURY LIKELY TO BE REDRESSED BY A FAVORABLE JUDICIAL OPINION**

74.     The third prong to establish standing at the pleadings phase requires Plaintiffs to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion. In the present case, Plaintiffs' Prayers for Relief include a request for damages for each call made by Defendants, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiffs and the members of the putative class. Furthermore, Plaintiffs' Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

75.     Because all standing requirements of Article III of the U.S.
Constitution have been met, as laid out in *Spokeo*, and in the context of a TCPA
claim, as explained by the Ninth Circuit in *Chen v. Allstate Inc. Co.*, 819 F.3d
1136 (9th Cir. 2016), Plaintiffs have standing to sue Defendant on the stated
claims. Plaintiffs have standing to sue Defendants on the stated claims.

## CLASS ALLEGATIONS

76.     Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules
of Civil Procedure and/or other applicable law, on behalf of themselves and all
others similarly situated, as a member of a proposed class (hereafter "the DNC
Class" and the "Internal DNC Class").

77.     The DNC Class is defined as follows:

All persons within the United States who: (1) received more than one
telephone call made by or on behalf of Defendant(s) within a 12-month
period, in the four years preceding the initial Complaint to trial; and (2) to
a telephone number that had been registered with the National Do Not Call
Registry for at least 30 days.

78.     The Internal DNC Class is defined as follows:

All persons in the United States to whom: (a) received more than one
telephone call made by or on behalf of Defendant(s); (b) promoting
Defendants' goods or services; (c) more than 30 days after requesting not
to receive further calls; (d) in a 12-month period; (e) on their cellular
telephone line or residential telephone line; and (f) at any time in the
period that begins four years before the date of filing this Complaint to
trial.

79.     **Numerosity**: The proposed Classes are so numerous that individual
joinder of all members is impracticable. Due to the nature of the trade and
commerce involved, Plaintiffs do not know the number of members in the
Classes, but believes the Class members number in the thousands, if not more.

1  Plaintiffs allege that the Class may be ascertained by the records maintained by
2  Defendants.

3       80.    Plaintiffs and members of the Classes were harmed by the acts of
4  Defendant(s) in at least the following ways: Defendants illegally contacted
5  Plaintiffs and Class members via their telephones thereby causing Plaintiff and
6  Class members, without their "prior express consent," to incur certain charges or
7  reduced telephone time for which Plaintiffs and Class members had previously
8  paid by having to retrieve or administer message(s) left by Defendant during
9  those illegal calls, and invading the privacy of said Plaintiffs and Class members.

10       81.    **Common Questions of Law and Fact Predominate**: There are
11  only a few legal and factual issues to determine if there is liability under the
12  TCPA and for each of those questions of law and fact, common issues to the
13  Class predominate over any questions that may affect individual Class members,
14  in that the claims of all Class members for each of the claims herein can be
15  established with common proof. Common questions of fact and law include, but
16  are not limited to, the following:

17       (a)    Whether, within the four years prior to the filing of this Complaint,
18              Defendant(s) made any calls (other than a call made for emergency
19              purposes or made with the prior express consent of the called party)
20              to a Class member using any automated dialing system or an
21              artificial or prerecorded voice to any telephone number assigned to a
22              cellular telephone service;

23       (b)    Whether, within the four years prior to the filing of this Complaint,
24              Defendant(s) made any calls (other than a call made for emergency
25              purposes or made with the prior express consent of the called party)
26              to a Class member using any automated dialing system or an
27              artificial or prerecorded voice to any telephone number assigned to a
28              cellular telephone service;

KRISTENSEN WEISBERG LLP
Attorneys for Plaintiffs

(c)     Whether Defendants systematically made telephone calls to consumers whose telephone numbers were registered with the National do Not Call Registry;

(d)     Whether Defendants failed to comply with the internal DNC mandates of 47 C.F.R. §§ 64.1200(d).

(e)     Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct;

(f)     Whether Plaintiffs and the Class members were damaged thereby, and the extent of the statutory damages for each such violation; and

(g)     Whether the Defendant(s) should be enjoined from engaging in such conduct in the future.

82.     **Typicality**:  Plaintiffs' claims are typical of the claims of members of the Classes, as Plaintiffs were subject to the same common course of conduct by Defendants as all Class members. The injuries to each member of the Class were caused directly by Defendant(s)' wrongful conduct as alleged herein.

83.     **Adequacy of Representation**:  Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel with substantial experience in handling complex class action litigation. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have financial resources to do so.

84.     **Superiority of Class Action**:  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Class members have little interest in individually controlling the prosecution of separate actions because the individual damage claims of each Class member are not substantial enough to warrant individual filings. In sum, for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice. Plaintiffs are unaware of any litigation concerning the present controversy

already commenced by members of the Class. The conduct of this action as a class action in this forum, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

85.     Moreover, individualized litigation would also present the potential for varying, inconsistent, or incompatible standards of conduct for Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. The adjudication of individual Class members' claims would also, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to protect their interests.

86.     Plaintiffs and the members of the Classes have suffered and will continue to suffer harm as a result of Defendant(s)' unlawful and wrongful conduct. Defendant(s) have acted, or refused to act, in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

### FIRST CAUSE OF ACTION

**DNC CLAIM IN VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.* (64 C.F.R. § 64.1200(C))**

**(By Plaintiffs Against All Defendants)**

87.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

88.     47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were

promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

89.    The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." *See* 47 C.F.R. § 64.1200(c). Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless and residential telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendants, as set forth in 47 C.F.R. § 64.1200(d)(3).

90.    47 C.F.R. § 64.1200(e), provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

///

///

91.     As a result of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of 47 C.F.R. § 64.1200(c), Plaintiffs and members of the DNC Class are entitled to an award of $500 in statutory damages for each and every call initiated to them, after registering their telephone numbers with the National Do-Not-Call Registry, pursuant to 47 U.S.C. § 227(c)(5)(B).

92.     Plaintiffs and members of the National Do-Not-Call Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating 47 C.F.R. § 64.1200(c) by initiating more than one telephone solicitation to any residential telephone subscriber who has registered his or her telephone numbers with the National Do-Not-Call Registry in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## SECOND CAUSE OF ACTION

### INTERNAL DNC CLAIM IN VIOLATION OF
### THE TELEPHONE CONSUMER PROTECTION ACT,
### 47 U.S.C. § 227, *ET SEQ.* (64 C.F.R. § 64.1200(D))
### (By Plaintiffs Against All Defendants)

93.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

94.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

///

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request…

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

95.    Defendants made more than one unsolicited telephone call to Plaintiffs and members of the Internal DNC Class within a 12-month period. Plaintiffs and members of the DNC Class never provided any form of consent to receive telephone calls from Defendants do not have a record of consent to place telemarketing calls to them and/or Plaintiffs and members of the DNC Class revoked consent.

96.    Defendants violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiffs and the Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

97.    Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiffs and the Internal DNC Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiffs and the DNC Class and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

98.    To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

99.    Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///

///

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Classes, prays for relief and judgment as follows:

(a)     An order certifying the Classes as defined above, appointing Plaintiffs as the representative of the Classes, and appointing their counsel, KRISTENSEN WEISBERG, LLP & HUGHES ELLZEY, LLP as lead Class Counsel;

(b)     An award of actual and statutory damages for each and every negligent violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B);

(c)     An award of actual and statutory damages for each and every knowing and/or willful violation to each member of the Class pursuant to 47 U.S.C § 227(b)(3)(B);

(d)     An injunction requiring Defendants and Defendants' agents to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class, pursuant to 47 U.S.C. § 227(b)(3)(A);

(e)     Pre-judgment and post-judgment interest on monetary relief;

(f)     An award of reasonable attorneys' fees and court costs; and

(g)     All other and further relief as the Court deems necessary, just, and proper.

Dated:  January 25, 2019                Respectfully submitted,

By:  _/s/ John P. Kristensen_

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone:  (310) 507-7924
Fax:  (310) 507-7906

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury for all issues that may be decided by jury.

Dated:  January 25, 2019                    Respectfully submitted,

By:  */s/ John P. Kristensen*
_____

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone:  (310) 507-7924
Fax:  (310) 507-7906