KELLEY DRYE & WARREN LLP
  Tahir L. Boykins (State Bar No. 323441)
  10100 Santa Monica Boulevard, 23rd Floor
Los Angeles, CA 90067-4008
Telephone: (310) 712-6100
Facsimile: (310) 712-6199
Tboykins@kelleydrye.com

KELLEY DRYE & WARREN LLP
  Lauri A. Mazzuchetti (*Pro Hac Vice*)
  Glenn T. Graham (*Pro Hac Vice*)
One Jefferson Road
Parsippany, New Jersey 07054
Telephone:    (973) 503-5900
Facsimile:    (973) 503-5950
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com

Attorneys for Defendant Clean Energy Experts, LLC

# UNITED STATES DISTRICT COURT

# CALIFORNIA NORTHERN DISTRICT – SAN FRANCISCO

| | |
|---|---|
| JOVETTE BRYANT and NECOLE FRANKLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLEAN ENERGY EXPERTS, LLC,<br><br>Defendant. | Case No. 4:19-cv-00460-YGR<br><br>**DEFENDANT CLEAN ENERGY EXPERTS, LLC'S ANSWER TO COMPLAINT** |

DEFENDANT'S ANSWER TO COMPLAINT

1

Defendant Clean Energy Experts, LLC ("CEE") hereby files its Answer and Affirmative Defenses to the Complaint filed by plaintiffs Jovette Bryant and Necole Franklin (collectively, "Plaintiffs") and states as follows:

**NATURE OF THE CASE**

1. CEE admits that Plaintiffs seek the relief requested in paragraph 1 of the Complaint, but denies that Plaintiffs are entitled to the requested relief, denies that CEE violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") or any other law, and denies the remaining allegations contained in paragraph 1 of the Complaint.

2. CEE admits that it generates leads for the solar energy industry, but denies the remaining allegations contained in paragraph 2 of the Complaint.

3. CEE denies the allegations contained in paragraph 3 of the Complaint.

4. CEE denies the allegations contained in paragraph 4 of the Complaint.

5. CEE denies the allegations contained in paragraph 5 of the Complaint.

6. With respect to the allegations contained in paragraph 6 of the Complaint, CEE denies that it violated the TCPA or any other law, admits that Plaintiffs bring this action pursuant to the TCPA, and denies the remaining allegations contained in paragraph 6 of the Complaint.

7. CEE denies the allegations contained in paragraph 7 of the Complaint.

8. CEE denies the allegations contained in paragraph 8 of the Complaint.

9. With respect to the allegations contained in paragraph 9 of the Complaint, CEE states that it is without first-hand knowledge or information sufficient to form a belief as to why Congress enacted the TCPA, admits that Plaintiffs bring this action pursuant to the TCPA, denies that it violated the TCPA or any other law, and denies the remaining allegations contained in paragraph 9 of the Complaint.

**PARTIES**

10. CEE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. CEE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. CEE admits that it is a California limited liability company with its principal place of business located at 595 Market Street, 29th Floor, San Francisco, California 94105. CEE denies that it uses the d/b/a Solar Research Group and denies the remaining allegations contained in paragraph 12 of the Complaint.

13. CEE denies the factual allegations contained in paragraph 13 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, CEE denies those allegations.

14. CEE denies the factual allegations contained in paragraph 14 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, CEE denies those allegations.

15. CEE denies the factual allegations contained in paragraph 15 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, CEE denies those allegations.

16. CEE denies the factual allegations contained in paragraph 16 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, CEE denies those allegations.

**JURISDICTION, VENUE & INTRADISTRICT ASSIGNMENT**

17. With respect to the allegations set forth in paragraph 17 of the Complaint, CEE admits that it maintains its principal place of business in California. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is

required. To the extent a response to those legal conclusions is required, CEE denies those allegations.

18. With respect to the allegations set forth in paragraph 18 of the Complaint, CEE denies that it violated the TCPA or any other law, admits that Plaintiffs bring this action pursuant to the TCPA, and denies the remaining allegations contained in paragraph 18 of the Complaint.

19. With respect to the allegations set forth in paragraph 19 of the Complaint, CEE denies that it violated the TCPA or any other law, admits that Plaintiffs bring this action pursuant to the TCPA, and admits that the Court has subject matter jurisdiction thereunder.

20. CEE denies the factual allegations contained in paragraph 20 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, CEE denies those allegations.

21. CEE denies the factual allegations contained in paragraph 21 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, CEE denies those allegations.

22. CEE denies the factual allegations contained in paragraph 22 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, CEE denies those allegations.

23. CEE denies the factual allegations contained in paragraph 23 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, CEE denies those allegations.

**TELEPHONE CONSUMER PROTECTION ACT**

24. The allegations in paragraph 24 of the Complaint state legal conclusions to which

no response is required.  To the extent that a response is required, CEE denies those allegations.

25. The allegations in paragraph 25 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, CEE denies those allegations.

26. The allegations in paragraph 26 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, CEE denies those allegations.

27. The allegations in paragraph 27 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, CEE denies those allegations.

28. The allegations in paragraph 28 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, CEE denies those allegations.

29. The allegations in paragraph 29 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, CEE denies those allegations.

30. The allegations in paragraph 30 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, CEE denies those allegations.

### A.   DO NOT CALL VIOLATIONS OF THE TCPA

31. The allegations in paragraph 31 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, CEE denies those allegations.

32. The allegations in paragraph 32 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, CEE denies those allegations.

33. The allegations in paragraph 33 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, CEE denies those allegations.

34. The allegations in paragraph 34 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, CEE denies those allegations.

35. The allegations in paragraph 35 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, CEE denies those allegations.

### FACTUAL ALLEGATIONS

36. With respect to the allegations contained in paragraph 36 of the Complaint, CEE

1  admits that it is a company in the solar industry and denies the remaining allegations contained in
2  paragraph 36 of the Complaint.
3       37.    CEE denies the allegations contained in paragraph 37 of the Complaint.
4       38.    CEE denies the allegations contained in paragraph 38 of the Complaint.
5       39.    CEE denies the allegations contained in paragraph 39 of the Complaint except to
6  state that it is without knowledge or information sufficient to form a belief as to Plaintiffs'
7  "overriding interest."
8       40.    CEE denies the allegations contained in paragraph 40 of the Complaint except to
9  admit that Plaintiffs bring this action pursuant to the TCPA and purport to bring this action on
10 behalf of themselves and a putative class.
11      41.    CEE denies the allegations contained in paragraph 41 of the Complaint except to
12 admit that Plaintiffs purport to bring this action on behalf of themselves and a putative class.

### FACTS SPECIFIC TO PLAINTIFF JOVETTE BRYANT

14      42.    CEE is without knowledge or information sufficient to form a belief as to the truth
15 of the allegations contained in paragraph 42 of the Complaint.
16      43.    CEE is without knowledge or information sufficient to form a belief as to the truth
17 of the allegations contained in paragraph 43 of the Complaint.
18      44.    CEE denies the allegations contained in paragraph 44 of the Complaint.
19      45.    CEE denies the allegations contained in paragraph 45 of the Complaint.
20      46.    CEE denies the allegations contained in paragraph 46 of the Complaint.
21      47.    CEE denies the allegations contained in paragraph 47 of the Complaint.
22      48.    CEE denies the allegations contained in paragraph 48 of the Complaint.
23      49.    CEE is without knowledge or information sufficient to form a belief as to the truth
24 of the allegations contained in paragraph 49 of the Complaint.
25      50.    CEE denies the allegations contained in paragraph 50 of the Complaint.
26      51.    CEE denies the allegations contained in paragraph 51 of the Complaint.

**FACTS SPECIFIC TO PLAINTIFF NECOLE FRANKLIN**

52. CEE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53. CEE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54. CEE denies the allegations contained in paragraph 54 of the Complaint.

55. CEE denies the allegations contained in paragraph 55 of the Complaint.

56. CEE denies the allegations contained in paragraph 56 of the Complaint.

57. CEE denies the allegations contained in paragraph 57 of the Complaint.

58. CEE denies the allegations contained in paragraph 58 of the Complaint.

59. CEE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60. CEE denies the allegations contained in paragraph 60 of the Complaint.

61. CEE denies the allegations contained in paragraph 61 of the Complaint.

62. CEE denies the allegations contained in paragraph 62 of the Complaint.

63. CEE denies the allegations contained in paragraph 63 of the Complaint.

64. CEE denies the allegations contained in paragraph 64 of the Complaint.

65. CEE denies the allegations contained in paragraph 65 of the Complaint except to state that it is without knowledge or information sufficient to form a belief as to Plaintiffs' "overriding interest."

66. CEE denies the allegations contained in paragraph 66 of the Complaint except to admit that Plaintiffs bring this action pursuant to the TCPA and purport to bring this action on behalf of themselves and a putative class.

67. CEE denies the allegations contained in paragraph 67 of the Complaint except to admit that Plaintiffs purport to bring this action on behalf of themselves and a putative class.

**STANDING**

68. CEE denies the factual allegations contained in paragraph 68 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, CEE denies those allegations.

### A. INJURY IN FACT

69. The allegations in paragraph 69 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, CEE denies those allegations.

70. The allegations in paragraph 70 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, CEE denies those allegations.

71. The allegations in paragraph 71 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, CEE denies those allegations.

72. CEE denies the factual allegations contained in paragraph 72 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, CEE denies those allegations.

### B. TRACEABLE TO THE CONDUCT OF EACH SEPARATE DEFENDANT

73. CEE denies the factual allegations contained in paragraph 73 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, CEE denies those allegations.

74. CEE denies the factual allegations contained in paragraph 74 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, CEE denies those allegations.

75. The allegations in paragraph 75 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, CEE denies those allegations.

8

## CLASS ALLEGATIONS

76. CEE admits that Plaintiffs purport to bring this action on behalf of themselves and putative classes as defined in paragraph 76. CEE denies that this case is appropriate for class treatment and denies that the putative class are valid or appropriate.

77. CEE denies the allegations contained in paragraph 77 of the Complaint.

78. CEE denies the allegations contained in paragraph 78 of the Complaint.

79. CEE denies the allegations contained in paragraph 79 of the Complaint.

80. CEE denies the allegations contained in paragraph 80 of the Complaint.

81. CEE denies the factual allegations contained in paragraph 81 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, CEE denies those allegations.

82. CEE denies the allegations contained in paragraph 82 of the Complaint.

83. CEE denies the allegations contained in paragraph 83 of the Complaint.

84. CEE denies the allegations contained in paragraph 84 of the Complaint.

85. CEE denies the allegations contained in paragraph 85 of the Complaint.

86. CEE denies the allegations contained in paragraph 86 of the Complaint.

## FIRST CAUSE OF ACTION

## DNC CLAIM IN VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.* (64 C.F.R. 64.1200(c))

87. CEE incorporates its responses to paragraphs 1 through 86 as though fully set forth herein.

88. The allegations in paragraph 88 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, CEE denies those allegations.

89. CEE denies the factual allegations contained in paragraph 89 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions,

no response thereto is required.  To the extent a response to those legal conclusions is required, CEE denies those allegations.

90. The allegations in paragraph 90 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, CEE denies those allegations.

91. CEE denies the allegations contained in paragraph 91 of the Complaint.

92. CEE denies the allegations contained in paragraph 92 of the Complaint.

## SECOND CAUSE OF ACTION

## INTERNAL DNC CLAIM IN VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.* (64 C.F.R. § 64.1200(D))

93. CEE incorporates its responses to paragraphs 1 through 92 as though fully set forth herein.

94. The allegations in paragraph 94 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, CEE denies those allegations.

95. CEE denies the allegations contained in paragraph 95 of the Complaint.

96. CEE denies the allegations contained in paragraph 96 of the Complaint.

97. CEE denies the allegations contained in paragraph 97 of the Complaint.

98. CEE denies the allegations contained in paragraph 98 of the Complaint.

99. CEE denies the allegations contained in paragraph 99 of the Complaint.

## PRAYER FOR RELIEF

CEE denies that Plaintiffs are entitled to any of the relief they seek in the "WHEREFORE" paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

By way of further response, CEE asserts and alleges the following Affirmative Defenses to Plaintiffs' Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

CEE had prior express consent, permission or an invitation to place any phone calls at-issue, including to Plaintiffs and/or the putative class members.

**THIRD AFFIRMATIVE DEFENSE**

CEE had an established relationship with the recipients of any phone calls, including with Plaintiffs and the putative classes and such relationship bars Plaintiffs' and the putative classes' claims.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' individual and class claims against CEE must be dismissed because neither Plaintiffs nor the absent classes have suffered an injury-in-fact, and therefore, lack standing to assert or pursue the claims in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

CEE alleges that at all times mentioned in the Complaint, CEE acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose. Further, CEE acted in good faith in the honest belief that the acts, conduct and communications, if any, of CEE were justified under the circumstances based on information reasonably available to CEE.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to join the necessary and indispensable parties in this action.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' and the putative classes' claims are barred by the applicable Statute of Limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

CEE alleges that the award of statutory penalties against CEE would violate the Due Process clause of the United States Constitution and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' and the putative classes' claims are barred, in whole or in part, by the doctrines of laches, unclean hands, and waiver.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' and the putative classes' claims under the TCPA are unconstitutional.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' and the putative classes' claims against CEE are barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

**TWELFTH AFFIRMATIVE DEFENSE**

CEE alleges that by Plaintiffs' and the absent class members' conduct, representations, and omissions, upon which CEE detrimentally relied, Plaintiffs and absent class members are equitably estopped from asserting any claim for relief against CEE.

**THIRTEENTH AFFIRMATIVE DEFENSE**

CEE alleges that Plaintiffs and/or the putative classes have expressly or impliedly consented to and approved all of the acts and omissions about which Plaintiffs now complain. Accordingly, Plaintiffs and/or the putative classes are barred from pursuing claims alleged in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

CEE alleges that Plaintiffs and the putative classes are not entitled to any relief because CEE's conduct did not proximately cause any damages, injury or loss to Plaintiffs.

**FIFTEENTH AFFIRMATIVE DEFENSE**

CEE alleges that by conduct, representations, and omissions, Plaintiffs and/or putative class members have waived, relinquished, and/or abandoned any claim for relief against CEE respecting the matters that are the subject of the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' and the putative classes' claims against CEE are barred because the phone calls that are the subject of the Complaint constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on CEE for such phone calls would violate its First Amendment rights.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative classes' claims are barred because CEE did not engage in willful and/or knowing misconduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

CEE did not place the alleged phone calls to Plaintiffs and/or putative class members.

### NINETEENTH AFFIRMATIVE DEFENSE

CEE is informed and believes, and on that basis alleges, that granting Plaintiffs' demand would result in unjust enrichment, as Plaintiffs and the putative classes would receive more money than they are entitled to receive.

### TWENTIETH AFFIRMATIVE DEFENSE

The alleged injuries and/or damages sustained by Plaintiffs and the putative classes are the result of conduct of a person or persons over whom CEE exercised no control.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs and the putative classes are not entitled to relief under 47 C.F.R. § 64.1200(d) because there is no private right of action under this regulation.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs and the putative classes are not entitled to relief under 47 U.S.C. § 227(c)(5) because CEE did not make any alleged telephone solicitations to them on their residential telephone lines.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Claims on behalf of the putative class members are subject to arbitration provisions.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

CEE is not liable for any violation, even if one occurred, because the violation was not intentional, and if any violation occurred, it resulted from a bona fide error notwithstanding CEE's maintenance of procedures reasonably adapted to avoid any such error.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' and the putative classes' claims are barred by *res judicata*.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

If final approval of the class action settlement in *Slovin, et al. v. Sunrun, Inc., et al.*, No. 4:15-cv-05340-YGR (N.D. Cal.), is granted, Plaintiffs' and the putative classes' claims will be released.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

CEE states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. CEE reserves the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

WHEREFORE, CEE prays for judgment as follows:

1. That Plaintiffs take nothing by reason of thier Complaint;

2. That judgment be entered against Plaintiffs and in favor of CEE;

3. That CEE recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and

4. That the Court grant CEE such other and further relief as it deems just and proper.

Dated: April 8, 2019                    Respectfully submitted,

                                        KELLEY DRYE & WARREN, LLP
                                            Lauri A. Mazzuchetti (*Pro Hac Vice*)
                                            Glenn T. Graham (*Pro Hac Vice*)
                                            Tahir L. Boykins

                                        By:   /s/ Lauri A. Mazzuchetti
                                              Lauri A. Mazzuchetti